UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAWN H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02419-TAB-JMS |
| | ) | |
| KILOLO KIJAKAZI Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Tawn H. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues on appeal that substantial evidence does not support the Administrative Law Judge's finding that Plaintiff could perform her past relevant work as actually performed at the sedentary level.  Plaintiff claims that the ALJ's restriction of Plaintiff to sedentary work implies Plaintiff could sit about six hours in an eight-hour workday, but not more than that.  Thus, Plaintiff argues that she was unable to perform past relevant work that required eight hours of sitting.  Plaintiff's argument rests on a misapprehension of law and raises no factual errors.  Accordingly, for reasons explained below, the ALJ's decision is affirmed.  [Filing No. 11.]

## II.    Background

On October 7, 2020, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on April 17, 2020.  The SSA denied Plaintiff's claims initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 17, 2020, the alleged onset date.  At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity and multiple sclerosis.  [Filing No. 9-2, at ECF p. 20.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.  Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite his limitations.  The ALJ concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(b), "but can never climb ladders, ropes, or scaffolds; only occasionally climb ramps or stairs, balance with a handheld assistive device, stoop, kneel, crouch or crawl; with no exposure to hazards; and no more than frequent exposure to wetness." [Filing No. 9-2, at ECF p. 21.]

At step four, the ALJ concluded that Plaintiff could perform past relevant work as a freight rate analyst and customer service order clerk as actually performed at the sedentary level. Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.   Discussion

Plaintiff's sole argument on appeal relates to the sitting requirements of sedentary work and ALJ's conclusion that Plaintiff could perform her past relevant work as actually performed. The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence.  *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence."  (Internal quotation marks omitted)).  In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions."  *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled."  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff claims that because the ALJ did not expressly mention how long Plaintiff could sit in an eight-hour workday, yet limited her to sedentary work, the ALJ implicitly determined that Plaintiff could perform the sitting requirements of a sedentary position.  [Filing No. 11, at ECF p. 7 (internal citations omitted).]  Sedentary work is defined in 20 C.F.R. § 404.1567(b) as "one which involves sitting," although "a certain amount of walking and standing is often necessary in carrying out job duties."  Social Security Ruling 96-9p further clarifies that "[s]itting would generally total about 6 hours of an 8-hour workday."  SSR 96-9p, 1996 WL 374185, at *3.  Plaintiff reported that she sat eight hours per eight-hour day when she worked as a customer service representative and as transportation rate analyst.  [Filing No. 9-6, at ECF p.

25-26.] Thus, Plaintiff argues that the ALJ did not acknowledge Plaintiff's descriptions of the sitting demands of her past relevant work in those positions, and that substantial evidence does not support the ALJ's finding that Plaintiff could perform her past relevant jobs as actually performed, since eight hours of sitting is greater than six hours.

On the other hand, the Commissioner contends that Plaintiff's entire argument rests on a misstatement of the law—that sedentary work involves *no more than* six hours of sitting in an eight-hour day. The Court agrees. The regulations, SSA agency guidance, and case law support the idea that six hours of sitting is a *minimum*, not a maximum, requirement of sedentary work. This Court rejected an argument nearly identical to Plaintiff's in *Palomo v. Colvin*, No. 1:13-cv-01544-TWP-MJD, 2015 WL 926208, at *12 (S.D. Ind. Mar. 3, 2015):

> Plaintiff's argument rests on a misapprehension of the ALJ's RFC analysis. As Plaintiff notes, the ALJ found that Plaintiff "could perform 'sedentary' work[.]" Such a finding, however, does not imply that Plaintiff could sit for no more than six hours per day. Rather, sedentary work implies a capacity to sit for *at least* six hours in an eight-hour work day. Thus, in concluding that Plaintiff in this case could perform sedentary work, the ALJ did not limit Plaintiff to sitting *only* six hours per day, and thus did not preclude Plaintiff from sitting for the six and one half hours necessary to perform his past work.

(Internal citations, quotation marks, and brackets omitted). *See also Childress v Colvin*, 845 F.3d 789, 792 (7th Cir. 2017) ("[T]he Social Security Administration defines gainful sedentary employment as comprising at least 6 hours of sitting and 2 hours of standing or walking[.]").

Plaintiff provides no support for her argument that sedentary work can require no more than six hours of sitting. Instead, Plaintiff further claims that the vocational expert's testimony is not substantial evidence in support of the ALJ's decision, because the vocational expert did not expressly acknowledge Plaintiff's description in her work history report of her past jobs involving eight hours of sitting per workday. [Filing No. 11, at ECF p. 13.] Plaintiff also notes that while the vocational expert stated that she relied on Plaintiff's hearing testimony, Plaintiff

did not testify that she sat about six hours in an eight-hour workday at either of her past relevant jobs at issue. Rather, the ALJ asked Plaintiff if she sat "at least two thirds of the workday" at one of her past jobs, and Plaintiff responded that she did. [Filing No. 9-2, at ECF p. 54.] Plaintiff argues that this is not a statement that she sat about six hours per workday. But interpreting sedentary work to provide for at least six hours of sitting in an eight-hour day, as this Court and the Seventh Circuit has previously found, addresses all of Plaintiff's remaining arguments. The ALJ did not violate his duty to perform a function-by-function assessment, nor did he improperly rely on vocational expert testimony to find Plaintiff capable of performing a job that was inconsistent with the RFC assessment. The Court also need not address Plaintiff's harmful error argument, as this argument is based on Plaintiff's claims that sedentary work can involve no more than six hours of sitting and that, as such, she could not perform her past relevant jobs as actually performed.

It is worth noting that Plaintiff has not provided any evidence that she could not sit for eight hours of an eight-hour day. Substantial evidence supports the ALJ's decision finding that Plaintiff could perform work that required sitting for at least six hours of the day. Specifically, Plaintiff's physical exam findings often included normal range of motion, no edema, and no sensory deficits. The ALJ also noted that Plaintiff was not regularly receiving treatment for her MS. And Plaintiff raised no challenges to the ALJ's evaluation of the underlying medical evidence. Plaintiff has not pointed to any legal or factual error that warrants remand. Therefore, Plaintiff's request for remand [Filing No. 11] is denied.

**IV.    Conclusion**

For all these reasons, Plaintiff's request for remand is denied, and the ALJ's decision is

affirmed.  [Filing No. 11.]

Date: 7/20/2023

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email